The next case call for oral argument is Peoples v. Collins. Thank you, Your Honor. In the face of the court, I'm Robert Burke. I'm with the Office of the State Appellate Defender. I'm here with my supervisor, the Honorable Johanna Weber. Soon to be. Well, she's been elected. I think that makes somebody honorable. She's always been honorable. Soon she'll be a judge. She will be assuming the vigilance. It's her last oral argument to attend. We're asking the court, and we represent Mr. Collins, we're asking the court on two issues here. One issue, to reduce the seriousness of his conviction from 100 grams of crack cocaine to 15 to 100 grams of crack cocaine. And then on the second issue, instead of asking for a new sentencing hearing as to the term of imprisonment. Well, a new sentencing hearing on that. Then on the second issue, we're asking that there be a new sentencing hearing on the street value of the crack cocaine. This case started when Mr. Collins was driving on Cairo with his cousin, Jerry Hardiman. I guess his nickname is Head. And Mr. Hardiman got a phone call, hey, come down, I want 3 ounces, 85 grams of crack cocaine. Mr. Hardiman knew where to get it in Kentucky. They went to Kentucky. And according to Mr. Collins' confession, they got the 3 ounces, the 85 grams of crack cocaine down there, and he brought it back to Illinois to sell it. That's criminal, calculated criminal drug conspiracy. But that's only 85 grams. Now, when he was arrested, he had another 17 grams in a different bag, and those were subdivided into six other bags. I make an argument that maybe that's personal use. Well, maybe that's not a strong argument, but here is a strong argument. When he was driving around Cairo with Head, with Mr. Hardiman, how much cocaine did he have on him at that moment, before he ever crossed the bridge into Kentucky? How much cocaine did he have on him at that time? He went to Kentucky to get 85 grams, and he came back from Kentucky with 85 grams. He confessed to it. At some point in time, he also had 17 grams. The state had to prove beyond a reasonable doubt that he got that 17 grams in Kentucky and brought it back in Illinois to sell it. And they have no proof that he got that 17 grams in Kentucky. They don't have any fingerprints on the two bags. There's no evidence that this was exactly 39.21% pure, and this is exactly 32.91% pure. There's nothing to show that the 17 grams came from Kentucky. There's nothing to show that he didn't have that all day long, nothing to show he didn't buy it in Cairo. Because the state didn't prove that there was over 100 grams, they only proved 85 grams, then he should not be convicted of over 100 grams. That should be reduced to what the state's evidence did prove, 85 grams. Let me ask a question. In your brief, in your statement of facts, you say, the jury was tendered and signed a general verdict of guilty, not specifying the weight of the cocaine. I mean, it must have said more than 100 grams, or between 100 and 400 grams. What did the jury verdict say? Did it just say trafficking cocaine? Yes, I believe it specified the number of grams. I mean, you haven't directly raised that issue, but I mean, doesn't the jury have to find that it was more than 100 grams for it to be the higher offense? Yes. Yes, it does. And the problem I had with that, and maybe I made a mistake, but the problem I had with that is the fact that it was a general verdict. And my experience with general verdicts is that because the defense attorney didn't ask for it to be broken down, then it's good for whatever's charged. And they were charged with over 100. I mean, I'm just asking because, I mean, unless the jury makes that finding that it was more than 100 grams, then it would automatically be the lower offense, wouldn't it? Correct, Your Honor. Well, if he was charged with over 100 grams, but they did not find that it was over 100 grams, they only found that he was guilty. I mean, that would be an element of the offense, wouldn't it, the weight, that it was more than 100 but less than 400? Yes, Your Honor. But you're saying the verdict, I haven't seen the record, so the verdict does not say that. I don't believe so, Your Honor. I believe that it just says guilty. Guilty of trafficking and cocaine. Yes, I believe so. Okay. Now, if the court would like us to, I think that it should be glad to. No, I'm just asking about that because I thought maybe what you were saying was they didn't specify the exact amount. They did not specify the exact amount in the verdict. Okay. Now, as to the second issue, under this case that came out this summer of Southern Union, the United States Supreme Court, he had a right to a jury trial on the amount of the fine in a criminal case. He did not have a jury trial on this issue. There was some talk about it at sentencing, but the court never said to him, Mr. Collins, you have a right to a jury trial. Do you understand that? Are you willing to waive your right to a jury trial on this? Everything that goes into it is a non-voluntary waiver of a jury trial. There's none of that. There's some statements made about the cocaine trial. It was said that sometimes it's sold in tenths of a gram amounts, and then there was some talk at sentencing that the street value was $20,000, but there was never a jury trial on that and never a waiver of a jury trial. And I believe that because there was no waiver of a jury trial, he's entitled to a jury trial. He should be remanded before a jury trial on that issue. What was the extent of the stipulation as to the quantity? I don't believe they stipulated as to the quantity, and when the case first started out in the complaint, I think they talked about 102 grams of cocaine, and then later it was amended to 100.2 grams, two-tenths of a gram over 100. And then periodically the attorneys would talk about 102 grams or 107 grams, but it was actually 100.2. What they were talking about at sentencing was the value of that, and the state gave a figure, and then when the defense attorney, who has since been disbarred, talked about it, he said, yes, $20,000. Now, please give him the minimum sentence. He didn't directly address it, but he did mention it. But there was no jury trial and no waiver of a jury trial. Wasn't there some recess or whatever for them to discuss coming up with an agreement about street value, or there was some discussion, and then the state said, here's what we agree to, more or less, $20,120, and defense counsel didn't say, no, that's wrong or anything. That's correct, Your Honor. Is that kind of what happened? Yes. Okay. And that amounts to not a waiver of the right to a jury trial. Maybe they were going under the procedure they understood at the time, but since then, the United States Supreme Court has decided the Southern Union and changed it. Are there any questions, Your Honor? I don't believe so. Thank you. Counsel. May it please the Court. Counsel, my name is David Sanchez. I'm here on behalf of the people. At issue here, the defendant raises a sufficiency of the evidence claim, and the state proved the relevant elements of controlled substances trafficking, which is what the defendant was charged with. There were two points of contention that the defendant raised, saying that the state didn't prove that he brought the controlled substance, in this case it was crack cocaine, into the state of Illinois. But the evidence shows otherwise. When the defendant was stopped by the police officers, a bag of crack cocaine fell from the defendant's shorts, and that was the larger bag that weighed 83.2 grams. And then they put the defendant in the squad car, they get to the police station, and then a second bag drops. And that bag contained the 17.5 grams of crack cocaine that the defendant says he intended to use personally. When you say the defendant says that, did he testify at trial? The defendant did not testify at trial. Based on what was claimed in the brief. Okay, in other words, there are just arguments being made that could have been personal. There's no evidence that it was personal use, right? Correct. There's actually evidence of the contrary, that the amount of the drugs that were 17.5 grams wouldn't constitute personal use. The fact that the 17.5 grams of crack cocaine would bag individually into seven individual bags is suggestive of intent to distribute. And the defendant was in possession of $551 in cash at the time that he was stopped. So there was no evidence presented that the defendant didn't indicate, at no point was there any indication that the 17.5 grams came from Illinois. A recent prior fact, when you're looking at this in a light that was favorable to the state, could make the inference that the 17.5 grams came from Kentucky, where the defendant picked up the bigger quantity. That's what he went there to go do. He didn't say, I went to Kentucky and I only got three ounces. He said, we got a call. My cousin got a phone call to pick up three ounces. I went to Kentucky, I came back. It was my intent to distribute this cocaine to a subject in care of. Of course, I'm paraphrasing. But he never said, I was only intending to distribute the three ounces. He never said, I already had 17 ounces. He never said, I already had, yeah, exactly, exactly. So when you look at all these facts, when you take them together, a rational prior fact could reasonably infer that the defendant had obtained both quantities from Kentucky and intended to deliver them in Illinois. Now, as far as the street value fine issue is concerned, first of all, I would argue that the defendant forfeited that issue. He didn't object to the street value fine that was submitted to the court during the sentencing hearing, and he didn't file a post-sentencing objection. He claims that he can't forfeit this issue in light of Southern Union Company. But the Supreme Court, the Illinois Supreme Court, said that procedural default principles apply to street value fine challenges, which is exactly what this is. It's a street fine value challenge, street value fine challenge. And so, therefore, principles of procedural default apply in this case. More than that, this is an issue of estoppel, because when the defense counsel was arguing to the sentencing court as to what his sentence should be, he said, impose the minimum sentence and give us the $20,000 street value fine. So that's how he wished to proceed, and that was what the agreement that he had made with the state. Plain error review doesn't apply because this is an issue of estoppel, but even if it did, there's no error because the Illinois Supreme Court case, the same one, People v. Lewis, said that this matter can be decided by stipulation. And in this case, that's exactly what happened. The court said, okay, we can present evidence, we can have a hearing about what the street value was, or you can confer amongst each other and come back in a proper value, which is exactly what they did. And the judge, when they came back, he asked them, are there any facts in dispute? And the state said, no, there's no facts in dispute, and there was no objection from the defendant. And then the court said, okay, what's the value? Of course, that's a paraphrasing. And the state's attorney said the agreement would be that the street value is $20,120. There was no objection at that point raised either. Now, because the evidentiary basis for a street value fine may be a stipulation, there's no error that can be complained of. And this isn't an apprendee issue, because there's no fact that's in dispute. This is something that the defendant, this is a fine the defendant agreed to. So I think those are the main arguments, and if there are any questions, I'd be happy to. Let me just ask you, what was the verdict form? What did it say? Did it say trafficking in cocaine over 100 grams? I don't have it off the top of my head just because it wasn't an issue that was raised in the opening brief, so I didn't really focus on that. But there was evidence presented in the trial which proved that the defendant had possessed 100.7 grams of crack cocaine with the intent to deliver it, and that was how he was charged. Unfortunately, I don't have the verdict. So over 100, that's ex-felony. Correct. Correct. And it was over 100. It was .7. It was proved to be .7 grams over 100. Just a little. Just a little. That's all it takes, right? Unfortunately. But if there are no further questions, the people would respectfully request that this court determine the defendant's conviction. Thank you. Thank you, counsel. Counsel? Just to be short, first of all, Your Honor, they're both class X felonies. It's just a matter of sentencing. So I'm asking that it be reduced to a less serious class X felony. The second thing, I learned that opposing counsel mentioned that there was testimony at trial that this is more cocaine than somebody could have for personal use. That question was directed to the entire 100 grams. It was not directed to the 17 grams. The third thing, the only Supreme Court case in Lewis that said this is just a sentencing matter was three years before that same Supreme Court in Southern Union. Are there any questions, Your Honor? I don't think there are. Thank you, Your Honor. We appreciate the briefs and arguments of counsel. We will take this case under advisement. We have no further oral arguments scheduled, so the court is adjourned. All rise.